UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTTS

| | |
|---|---|
| JAIME D. MOODY<br><br>Plaintiff,<br><br>vs.<br><br>KWESI T. MOODY; EQUIFAX INFORMATION SERVICES, LLC; TRANS UNION LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; FREEDOM FINANCIAL ASSET MANAGEMENT, LLC d/b/a ACHIEVE PERSONAL LOANS; and FREEDOM FINANCIAL NETWORK FUNDING, LLC<br><br>Defendants. | Civil Action No.<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

Jaime Moody of full age, Complains of Defendants as follows:

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Preliminary Statement

1. This is an action for damages brought by Plaintiff Jaime D. Moody against the three nationwide consumer reporting agencies — Equifax Information Services LLC, Trans Union LLC, and Experian Information Solutions, Inc. (collectively, the "CRA Defendants") — and against the furnisher of the disputed account, Freedom Financial Asset Management, LLC, doing business as Achieve Personal Loans, and, pleaded in the alternative, its parent, Freedom Financial Network Funding, LLC (together, the "Furnisher Defendants"), under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

Plaintiff also asserts related state-law claims against her estranged husband, Defendant Kwesi T. Moody, who fraudulently used Plaintiff's identity to obtain the credit at issue.

2. Plaintiff is the victim of identity theft committed by her husband, from whom she is in the process of divorcing. Without Plaintiff's knowledge, authorization, or consent, Kwesi T. Moody caused a personal loan to be opened in which Plaintiff was named as a borrower, and forged or caused to be forged Plaintiff's signature on loan documents. Plaintiff never applied for, signed for, authorized, or received any benefit from that loan.

3. After Plaintiff discovered the fraud, she filed a report with law enforcement and an Identity Theft Report with the Federal Trade Commission, and she repeatedly disputed the inaccurate account with each of the CRA Defendants, providing supporting documentation. Notwithstanding these disputes and supporting documentation, the CRA Defendants continued to report the fraudulent account as an accurate, jointly owed obligation of Plaintiff, and the furnisher continued to verify it as accurate. As a result, Plaintiff has suffered actual damages, including emotional distress, and the expenditure of time and resources, and is entitled to actual, statutory, and punitive damages, together with costs and attorney's fees.

**Jurisdiction and Venue**

4. This Court has subject-matter jurisdiction over Plaintiff's claims arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under the FCRA may be brought in any appropriate United States district court without regard to the amount in controversy.

5. This Court has supplemental jurisdiction over Plaintiff's related state-law claims against Defendant Kwesi T. Moody pursuant to 28 U.S.C. § 1367(a). Those claims arise from the same case or controversy as Plaintiff's federal claims, sharing a common nucleus of operative fact — the fraudulent use of Plaintiff's identity to obtain the credit that the remaining Defendants thereafter reported and furnished — such that they form part of the same constitutional case.

6. Venue is appropriately laid in the District Court of Massachusetts under 28 U.S.C. §1391(b)(2) as the events causing the claim occurred substantially within the State of Massachusetts.

**Parties**

7. Jaime Moody is a natural person temporarily residing in Salem, New Hampshire and working in Massachusetts. Plaintiff is a consumer as that term is defined by 15 U.S.C. §161a(c).

8. Defendant Kwesi T. Moody is a natural person who is domiciled in, works in, and maintains an address in Massachusetts.

9. Defendant Equifax Information Services, LLC ("Equifax") is headquartered in Atlanta Georgia. Equifax regularly conducts business in Massachusetts and maintains an agent for service of process at Corporation Service Company, 84 State Street, Boston, MA 02109.

10. Defendant Trans Union LLC ("Trans Union") is headquartered in Chicago, Illinoi. Trans Union regularly conducts business in Massachusetts and maintains an agent for service of process at Corporation Service Company, 84 State Street, Boston, MA 02109

11. Defendant Experian Information Solutions, Inc. ("Experian") is headquartered in Costa Mesa, California. Experian regularly conducts business in Massachusetts and maintains an agent for service of process at CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110

12. Defendant Freedom Financial Asset Management, LLC d/b/a Achieve Personal Loans ("FFAM") is headquartered in San Mateo California. Achieve regularly conducts business in Massachusetts and maintains an agent for service of process at CT Corporation System, 155 Federal Street, Suite 700, Boston Massachusetts 02110.

13. Defendant Freedom Financial Network Funding, LLC ("FFNF" is headquartered in San Mateo, California and is the parent company of FFAM. FFNF regularly conducts business in Massachusetts and maintains an agent for service of process at CT Corporation System, 155 Federal Street, Suite 700, Boston Massachusetts 02110.

14. FFAM and FFNF are referred collectively as the "Furnisher Defendants." As used in this Complaint, "the Furnisher" means FFAF and, in the alternative, FFNF.

15. A reference to the "Achieve loan" is a reference to the disputed loan which is owned by FFAM and/or FFNF.

**Factual Allegations**

16. Plaintiff and Defendant Kwesi T. Moody were married for approximately twenty-four years.

17. Plaintiff commenced divorce proceedings in or about August 2024 and the proceedings remain ongoing before the Essex County Probate and Family Court under docket ES24D1557DR.

**Kwesi T. Moody obtains a fraudulent loan from Achieve**

18. On or around October 2022, Kwesi T. Moody entered into a personal installment loan in the amount of $45,000 originated by Cross River Bank under the “FreedomPlus” / “Achieve” personal-loan program.

19. Kwesi T. Moody applied for the loan electronically and signed loan origination paperwork electronically through DocuSign.

20. Without first consulting the Plaintiff, informing her, or obtaining consent, Kwesi T. Moody applied for the loan with the Plaintiff being identified as a co-borrower.

21. Kwesi T. Moody fraudulently signed the Plaintiff’s name on the electronic origination documents.

22. All distributions of the $45,000 were made for the exclusive use and enjoyment of Kwesi T. Moody to the exclusion of the Plaintiff.

23. Kwesi T. Moody received $20,254.50 disbursed to an account exclusively maintained by himself, and the remaining $24,745.50 was applied to pay financial obligations owed by Kwesi Moody. These debts included balances owed to American Express, PayPal, Capital One, and an Apple Card credit-card account.

24. Plaintiff had no knowledge of the Achieve loan, did not electronically sign the loan agreement or any document related to the Achieve loan and did not authorize any person to apply for the loan or to use her electronic signature in connection with it.

25. Kwesi T. Moody concealed the Achieve Account from Plaintiff. Plaintiff first became aware of the Achieve Account after the marriage had deteriorated, when collection efforts relating to the account were directed at her. The Achieve Account was reported as charged

off in 2024, with a charge-off balance of approximately $40,706, and was thereafter transferred or sold, ultimately to Huntington Debt Holding, LLC, and placed for collection.

**Kwesi T. Moody obtains a fraudulent second mortgage loan**

26. On or about April 23, 2021, a revolving credit loan in the amount of approximately $85,500, secured by a second mortgage on the marital home at 64 Stanton Way, North Andover, Massachusetts, was obtained in which Plaintiff was named as a co-borrower (the "Second Mortgage").

27. Plaintiff did not knowingly apply for, sign for, or authorize the Second Mortgage. Upon information and belief, Kwesi T. Moody caused Plaintiff's signature to be forged on the Second Mortgage documents and caused those documents to be notarized outside of Plaintiff's presence, including through a notary referred by a neighbor, at a time when Plaintiff did not know the notary or that he provided notary services. None of the proceeds of the Second Mortgage benefited Plaintiff or the marital household.

28. Plaintiff discovered the Second Mortgage on or about August 3, 2024, by reviewing records at the Registry of Deeds. The marital home was subsequently sold, and the Second Mortgage was satisfied from the proceeds of that sale. Because the Second Mortgage was satisfied out of the sale proceeds, the amount of the forged Second Mortgage was effectively paid from, and reduced, the equity to which Plaintiff was otherwise entitled. Plaintiff thereby suffered a loss of equity in the marital home in an amount to be proven at trial.

**Plaintiff reports the identity theft**

29. On or about August 5, 2024, Plaintiff confronted Kwesi T. Moody regarding the fraudulent loans. That confrontation resulted in a domestic incident during which Kwesi T. Moody was arrested and charged with assault and battery on a household member.

30. On August 5, 2024, the Commonwealth of Massachusetts filed a criminal complaint in the Lawrence District Court under docket 2418cr003050 charging Kwessi T. Moody with (1) assault and battery c. 265 §13M(a) on the Plaintiff, and (2) witness intimidation c. 268 §13B.

31. Plaintiff thereafter filed a police report disclosing the loan frauds perpetrated by Kwesi T. Moody.

32. Plaintiff submitted an Identity Theft Report to the Federal Trade Commission in January 2025 identifying Kwesi T. Moody as the person responsible and identifying the Achieve Account as a fraudulent account appearing on her credit report. The FTC Report has an ID number 182619498.

33. On May 22, 2025, the Commonwealth of Massachusetts filed a criminal complaint in the Lawrence District Court under docket 2518cr001746 charging Kwesi T. Moody with (1) forgery of documents c. 267 §1, (2) utterance of false writing c. 267 §5, identity fraud c. 266 §37E, and larceny over $1,200 c.268 §13B.

34. Both criminal cases remain open and ongoing at the time this Complaint is filed.

**Consumer Reporting Agencies and the disputes filed by Plaintiff**

35. Defendants Equifax, Transunion, and Experian (together "the CRA Defendants") included the Achieve Account in Plaintiff's consumer file and reported it in consumer reports as an account for which Plaintiff was jointly and contractually liable.

36. The CRA Defendants' reporting of the Achieve loan was inaccurate and misleading because Plaintiff never applied for, authorized, signed for, or benefited from the Achieve Account, which was procured through identity theft.

37. Plaintiff disputed the Achieve Account, in writing and with supporting documentation, with each of the CRA Defendants, and provided her FTC Identity Theft Report, an explanation that the account was opened by her estranged husband through identity theft, and copies of the relevant portion of her credit report.

38. After receiving Plaintiff's initial dispute, Trans Union responded to Plaintiff by letter on or about February 20, 2025. Trans Union responded that it had "verified" the account as accurate, continued to report it, and failed to note that the account was disputed by the consumer.

39. Plaintiff submitted a second dispute to Trans Union on or about May 1, 2025. On or about June 12, 2025, Trans Union again responded that the disputed information was "verified as accurate" and continued to report the Achieve Account.

40. Plaintiff disputed the Achieve Account with Experian in or about June 12, 2025 and on or about June 26, 2025, Experian responded that the Achieve Account "Remains" and that the furnisher had "certified" the information as accurate.

41. Plaintiff disputed the account with Experian a second time and on or about April 15, 2026, Experian responded that the account had been "Verified and Updated" and continued to publish the Achieve Account on Plaintiff's consumer credit report, then as a charge-off.

42. Plaintiff disputed the Achieve account with Equifax on or about June 12, 2025, enclosing her FTC Identity Theft Report and supporting documentation. As of the date this complaint is filed, Equifax continues to publish the Achieve Account on Plaintiff's consumer credit report.

43. Equifax either (a) failed to conduct a reasonable reinvestigation of Plaintiff's dispute and continued to report the Achieve Account as accurate, or (b) failed to conduct any reinvestigation or to provide Plaintiff with the results of a reinvestigation within the time required by 15 U.S.C. §1681i(a).

44. Upon information and belief, each of the CRA Defendants forwarded Plaintiff's dispute and the supporting documentation to the Furnisher in connection with its reinvestigation.

45. Plaintiff sent a copy of each dispute sent to the CRA Defendants to Achieve.

46. On or about May 26, 2026, in response to the Plaintiff's request, Equifax and Trans Union each confirmed in writing that it had placed an initial fraud alert on Plaintiff's consumer file based on Plaintiff's report that she is the victim of identity theft.

47. Notwithstanding the CRA Defendants' recognition that Plaintiff is a victim of identity theft, and their placement of fraud alerts on her file, the CRA Defendants continued to report the Achieve Account as an accurate, jointly owed obligation of Plaintiff and failed to block or delete the trade line.

**The failures of furnisher FFAM**

48. The Furnisher provided information concerning the Achieve Account to the CRA Defendants.

49. After receiving notice of the Plaintiff's disputes from one or more of the CRA Defendants, the Furnisher was required to conduct a reasonable investigation of the disputed information, to review all relevant information provided by the CRA Defendants, and to correct and report the results of its investigation.

50. The Furnisher was aware of the FTC identity theft report and criminal charges brought against Kwesi T. Moody.

51. Despite Plaintiff's disputes and the documentation of identity theft, the Furnisher verified the Achieve Account as accurate and continued to report Plaintiff as a liable party.

52. The Furnisher failed to conduct a reasonable investigation as required by 15 U.S.C. §1681s-2(b).

**Willfulness and Damages**

53. The Defendants' continued reporting and verification of the Achieve Account occurred after Plaintiff provided a police report, FTC Identity Theft Report, and repeated written disputes establishing the account was the product of identity theft. The Defendants' conduct was at a minimum, negligent, and more likely, willful, in reckless disregard of Plaintiff's rights.

54. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered actual damages including but not limited to emotional distress, anxiety, harm to her creditworthiness and credit standing, harm to her reputation, the loss of time and out of

pocket expense incurred in disputing the inaccurate information and attempting to correct her credit file.

55. As a direct and proximate result of the Defendants' conduct, Plaintiff has also suffered harm wherein her financial behavior and fear for financial well being has changed in reaction to the multi-year effort to correct the fraudulent account information.

## CAUSES OF ACTION

### COUNT I. VIOLATION OF 15. U.S.C. §1681i

### (As to Equifax, Trans Union, and Experian)

56. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

57. Upon receiving notice of Plaintiff's disputes, each of the CRA Defendants was required by 15 U.S.C. §1681i(a) to conduct a reasonable reinvestigation to determine whether the disputed Achieve Account information was inaccurate, to record the current status of the disputed information or delete it, and to provide Plaintiff with the results of the reinvestigation within the time prescribed by the statute.

58. Each of the CRA Defendants failed to conduct a reasonable reinvestigation and instead "verified" or continued to report the Achieve Account as an accurate, jointly owed obligation of Plaintiff, despite having documentation establishing the account was the product of identity theft.

59. Trans Union further failed to note the account was disputed by Plaintiff.

60. The CRA Defendants' violations of §1681i were willful, entitling Plaintiff to relief under 15 U.S.C. §1681n, or in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. §1681o.

**COUNT II. VIOLATION OF 15 U.S.C. §1681e(b)**

**(As to Equifax, Trans Union, and Experian)**

61. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

62. Each of the CRA Defendants prepared and issued consumer reports concerning Plaintiff that included the Achieve Account. Section 1681e(b) required each of the CRA Defendants to follow reasonable procedures to assure the maximum possible accuracy of the information in those reports.

63. Each of the CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy and instead reported the Achieve Account as an accurate, jointly owed obligation of Plaintiff's when, in fact, the account was the result of identity theft and was not authorized or owed by Plaintiff.

64. The CRA Defendants' violations of §1681e(b) were willful, entitling Plaintiff to relief under 15 U.S.C. §1681n, or, in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. §1681o.

**COUNT III. VIOLATION OF 15 U.S.C. §1681c-2**

**(As to Equifax, Trans Union and Experian**

65. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

66. Plaintiff submitted to each of the CRA Defendants the information required by 15 U.S.C. §1681c-2, including proof of her identity, a copy of her FTC Identity Theft Report, an identification of the Achieve Account as information resulting from identity theft, and a statement that the Achieve Account did not relate to any transaction by Plaintiff.

67. Section 1681c-2 required each of the CRA Defendants to block the reporting of the Achieve Account information within four business days of receiving the foregoing. Each of the CRA Defendants failed to block the Achieve Account information as required.

68. The CRA Defendants' violations of §1681c-2 were willful, entitling Plaintiff to relief under 15 U.S.C. §1681n, or, in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. §1681o.

**COUNT IV VIOLATION OF 15-U.S.C. §1681s-2(b)**

**(As to FFAM. FFNF)**

69. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

70. The Furnisher Defendants FFAM and FFNF were directly notified of the Plaintiff's disputes regarding the Achieve Account by the CRA Defendants.

71. The Furnisher Defendants were required under 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation with respect to the disputed information, to review all relevant information provided by the CRA Defendants, and to report the results of its investigation and correct the inaccurate information.

72. The Furnisher Defendants maintained in their own records, the origination file for the Achieve Account, including the loan agreement, Truth-in-Lending Disclosure, payment-authorization and bank-debit forms, disbursement and payee records as well as the electronic signing records.

73. The origination file maintained by the Furnishing Defendants showed that the Achieve Account was, in substance, the obligation of Kwesi T. Moody alone – including that the Truth in Lending Disclosure named only Kwesi T. Moody as borrower, that the designated

payment account was held in his name, and that the loan proceeds were disbursed to him only.

74. Plaintiffs' dispute presented a question of fact that the Furnisher Defendants were able to investigate using records within their own possession and control, and the dispute did not require the Furnisher Defendants to resolve any purely legal question.

75. A reasonable investigation of the dispute required the Furnisher Defendants to review the information in their possession, rather than merely confirming that the reported tradeline matched the data already in its system.

76. Had the Furnisher Defendants conducted a reasonable investigation, they would have discovered the factual discrepancies described above and the indicia that Plaintiff was not a genuine borrower, including by examination that all the borrower contact information and account information belonged exclusively to Kwesi T. Moody.

77. At the time of the Furnisher's obligation to conduct an investigation it had knowledge and possession of documents relating to the Plaintiff's FTC Identity Theft Report and the police report identifying Kwesi T. Moody as the person responsible.

78. Instead of conducting a reasonable investigation, the Furnisher verified the disputed Achieve Account as accurate and continued to report Plaintiff as a jointly liable borrower, doing no more than confirming that its records reflected what it had already reported.

79. The Furnisher's violations of §1681s-2(b) were willful, entitling Plaintiff to relief under 15 U.S.C. §1681n, or, in the alternative, negligent, entitling Plaintiff to relief under 15 U.S.C. §1681o.

**COUNT V. CONVERSION**

**(As to Kwesi T. Moody)**

80. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

81. Plaintiff had a right to possession of, and an ownership interest in, the proceeds and value misappropriated by Kwesi T. Moody, including the loan proceeds obtained through the fraudulent use of her identity and the equity in the marital home that was depleted by the forged Second Mortgage.

82. Kwesi T. Moody intentionally and wrongfully exercised dominion and control over Plaintiff's property by obtaining and using credit in the Plaintiff's name without authorization, directing the loan proceeds to his own exclusive use, and causing the forged Second Mortgage to be satisfied out of proceeds that reduced Plaintiff's share of the home equity, all without Plaintiff's consent.

83. As a direct and proximate result of Kwesi T. Moody's conversion, Plaintiff has suffered damages, including the value of the misappropriated loan proceeds and the lost equity in the marital home, in the amount to be proven at trial.

**COUNT VI. COMMON LAW FRAUD**

**(As to Kwesi T. Moody)**

84. Plaintiff re-alleges and incorporates by reference all preceding allegations as though fully set forth herein.

85. Kwesi T. Moody made false representations and engaged in fraudulent conduct, including representing to lenders that Plaintiff had applied for and agreed to the loans at issue, forging or causing to be forged Plaintiff's signature – including by applying or causing to be

applied an electronic signature and initials in Plaintiff's name on the electronically executed Achieve loan agreement – on loan and mortgage documents, and concealing this conduct from Plaintiff.

86. Kwesi T. Moody acted with knowledge of the falsity of his representations and with the intent to deceive lenders and Plaintiff and to induce reliance.

87. Lenders relied on the false representations in exceeding credit in Plaintiff's name, and Plaintiff relied on Kwesi T. Moddy's concealment to her detriment by remaining in marriage and by remaining unaware of the fraudulent obligations until after they had been incurred and subject to collections.

88. As a direct and proximate result of Kwesi T. Moody's fraud and deceit, Plaintiff has suffered damages in an amount to be proven at trial, including the lost equity in the marital home and the harm flowing from the fraudulent obligations placed in her name.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jaime D. Moody respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

a. Actual damages against the CRA Defendants and the Furnisher Defendants pursuant to 15 U.S.C. §§ 1681n and 1681o, in an amount to be determined at trial;

b. Statutory damages against the CRA Defendants and the Furnisher Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages against the CRA Defendants and the Furnisher Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

e. Compensatory damages against Defendant Kwesi T. Moody on the state-law claims, including the value of the misappropriated loan proceeds and the lost equity in the marital home, in an amount to be determined at trial;

f. Pre-judgment and post-judgment interest as allowed by law; and

g. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

PLAINTIFF JAIME D. MOODY,

By her attorney,

/s/ Adam Deutsch
Adam Deutsch (BBO # 569173)
Northeast Law Group
P.O. Box 60717
Longmeadow, MA 01116
413-285-3646
adam@northeastlawgroup.com